UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRYON BOLIARD, an individual,**

    **Plaintiff,**

v.

**HCA, INC. d/b/a ST. PETERSBURG GENERAL HOSPITAL, a foreign corporation,**

    **Defendant.**

CASE NO.: _____

## DEFENDANT'S NOTICE OF REMOVAL

Defendant HCA, Inc. d/b/a St. Petersburg General Hospital ("Hospital" or "Defendant"), by and through its undersigned attorneys, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby removes this action, based on federal question jurisdiction and supplemental jurisdiction, from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and in support of such removal states:

1. The Hospital is a defendant in the civil action filed in the Circuit Court, Sixth Judicial Circuit, in and for Pinellas County, Florida, Case No. 19-003270-CI, on May 10, 2019, titled "*Bryon Boliard, an individual v. HCA, Inc. d/b/a St. Petersburg General Hospital, a foreign corporation*" (the "State Court Action").

2. Plaintiff's four-count State Court Action Complaint alleges handicap and disability discrimination in violation of the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01–760.11 ("FCRA") (Counts I and II), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADAAA") (Counts III and IV).

3. Because Plaintiff is asserting claims under the ADAAA, 42 U.S.C. §§ 12101 *et seq.*—a federal statute—this action is subject to removal based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims under the FCRA, Fla. Stat. §§ 760.01–760.11, pursuant to 28 U.S.C. § 1367, which dictates that this Court shall have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See, e.g.*, *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1328 (11th Cir. 2010) (quoting 28 U.S.C. § 1367(a)). Plaintiff's state claims stem from the same nucleus of operative facts as the federal claims, and all the claims are merely different theories in support of the same constitutional case.

5. No reason exists under 28 U.S.C. § 1367(c) that Plaintiff's claims under the state statute should not be adjudicated in this Court. First, Plaintiff's state claims raise no novel or complex issues of state law. Second, Plaintiff's state claims do not substantially predominate over the federal claims, over which this Court has jurisdiction. Third, the federal claims, over which this Court has jurisdiction, have not been dismissed. And fourth, there are no exceptional circumstances that warrant declining jurisdiction over the state claims. *See Judy v. Lee Mem'l Health Sys.*, No. 2:07-cv-211-FtM-34DNF, 2008 U.S. Dist. LEXIS 31093 (M.D. Fla. Mar. 31, 2008) (finding that exercise of supplemental jurisdiction over the plaintiff's state law negligence claim was warranted in the plaintiff's ADAAA action).

6. The events alleged by Plaintiff giving rise to his claims allegedly occurred in Pinellas County, Florida. (Pl's Complaint at ¶4). Thus, venue properly lies in the United States District Court for the Middle District of Florida, Tampa Division.

7. The Hospital was served with the Summons and Complaint in the State Court Action on May 15, 2019.  This removal petition is therefore timely as it is filed within thirty (30) days after receipt of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b).

8. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant Hospital are attached hereto as composite *Exhibit A*.

9. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiff and a copy of this Notice will also be filed concurrently with the Clerk of the Circuit Court, Sixth Judicial Circuit, Pinellas County, Florida, a copy of which is attached hereto as *Exhibit B*.

10. Therefore, removal is appropriate pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

WHEREFORE, on the foregoing basis, Defendant HCA, Inc. d/b/a St. Petersburg General Hospital respectfully submits that removal of this action to this Court is proper, just and appropriate.

Respectfully submitted this 3rd day of June, 2019.

Respectfully submitted,

FORD & HARRISON<sup>LLP</sup>

/s/ Tracey K. Jaensch
Tracey K. Jaensch, B.C.S.
Florida Bar Number 907057
tjaensch@fordharrison.com
Viktoryia Johnson, Esquire
Florida Bar Number 125545
vjohnson@fordharrison.com
FORD & HARRISON<sup>LLP</sup>
101 E. Kennedy Boulevard,
Suite 900
Tampa, Florida 33602
Telephone:  (813) 261-7800
Facsimile:   (813) 261-7899

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of June 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day upon Plaintiff's counsel of record, J. Carlton Mitchell and Amy E. Stoll via email at cmitchell@olalaw.com and astoll@olalaw.com.

*/s/ Tracey K. Jaensch*
Attorney

WSACTIVELLP:10543806.1